# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Ramone K. Drew, *also known as Ramone Karim Drew*, | ) C/A No. 2:13-3496-DCN-BHH ) ) |
| Plaintiff, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| City of Walterboro, SC; and Walterboro Police Dept., *CWPD*, | ) ) ) |
| Defendants. | ) ) |

This is a civil action filed by a local prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the district court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The in forma pauperis statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent

standard, a pro se pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff filed his Complaint in this case (ECF No. 1) on December 17, 2014, four days after he filed his Complaint in Drew v. Dasen, et al., C/A No. 2:13-3469-DCN-BHH (D.S.C.). In this case, while Plaintiff names only the City of Walterboro, SC and the Walterboro Police Department as Defendants, Plaintiff alleges the same facts and asserts the same legal claims that he is pursuing in his previously-filed lawsuit, arising out of Plaintiff's arrest on November 29, 2012 and his subsequent pretrial detention in the Colleton County Detention Center. Defendants in the instant case are also named as Defendants in C/A No. 13-3469.

## DISCUSSION

As noted above, Plaintiff has previously brought a civil rights action, pursuant to 42 U.S.C. § 1983, in this District Court involving the same facts, circumstances, and parties, making the same allegations, and seeking the same relief as in the instant action. See Drew v. Dasen, et al., C/A No. 2:13-3469-DCN-BHH (D.S.C.), which is currently pending.

The undersigned takes judicial notice of C/A No. 13-3469. A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); see also Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).

2

As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, in <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970):

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

The issues involved in the Complaint <u>sub judice</u> are currently being addressed in C/A No. 13-3469, in which Plaintiff is already being afforded a full and fair opportunity to litigate the allegations that he makes in the instant Complaint. Therefore, Plaintiff's Complaint in this duplicative civil action should be summarily dismissed, without prejudice and without issuance and service of process, in the interests of judicial economy and efficiency.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

February 28, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).